UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| V. | ) ) CAUSE NO. 1:21-cr-00178-RLY-DML |
| ALEXANDER WEATHERSPOON, a/k/a "TYLER SIMMONS", | ) ) ) ) |
| Defendant. | ) ) |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through the undersigned attorney, moves this Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to enter into force the attached proposed protective order governing discovery in this matter, and in support thereof states as follows:

1. In satisfaction of its obligations under Rule 16, as well as 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), the government plans to produce discovery and other information to the Defendant. This case involves materials that are likely to contain confidential sensitive information, including personal financial information and identifying information for numerous individuals.

2. Rule 16 provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Courts recognize that "the interests of third parties may justify restrictions" on public access to discovery materials. *United States v. Smith*, 985 F. Supp.2d 506, 524-527 (S.D.N.Y. 2013)

(detailing federal court decisions recognizing interests of third parties in weighing the need for a protective order).

3. Here, given that the anticipated production of discovery and other information is likely to contain confidential sensitive information, there is good cause for the Court to enter the proposed protective order. The terms of the proposed order are narrowly drawn in order to ensure that there are no limitations on the Defendant's ability to mount a vigorous defense to the charges, and the Defendant and his counsel will have access to and may share with experts and prospective witnesses information contained in the discovery material if necessary for this litigation.

4. With a protective order in place, the government can efficiently provide un-redacted discovery and other information to the Defendant while endeavoring to ensure that all sensitive and personal information of third parties is used only in connection with the preparation and litigation of this criminal case.

5. The undersigned has consulted with counsel for the Defendant, and counsel does not have any objection to the requested Protective Order.

WHEREFORE, the United States respectfully requests that the Court grant its Motion for a Protective Order.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

Date:   07/12/2021          By:    /s/ MaryAnn T. Mindrum
                                   MaryAnn T. Mindrum
                                   Assistant United States Attorney

CERTIFICATE OF SERVICE

    I hereby certify that on July 12, 2021, a copy of the foregoing Unopposed Motion for a Protective Order was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.

    /s/ MaryAnn T. Mindrum
    MaryAnn T. Mindrum
    Assistant United States Attorney
    United States Attorney's Office
    10 West Market Street, Suite 2100
    Indianapolis, IN   46204-3048
    Tel: (317) 226-6333
    Email: maryann.mindrum@usdoj.gov